# Exhibit A

 **CT Corporation**

**Service of Process Transmittal**
01/13/2021
CT Log Number 538884421

**TO:**   Kevin Patterson
American Airlines Group Inc.
1 SKYVIEW DRIVE, MD 8B503
FORT WORTH, TX 76155

**RE:**   **Process Served in California**

**FOR:**   American Airlines, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MICHAEL JOHNSON, Pltf. vs. AMERICAN AIRLINES, INC., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 21STCV00689 |
| **NATURE OF ACTION:** | Employee Litigation - Harassment |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/13/2021 at 02:51 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/14/2021, Expected Purge Date: 01/19/2021<br><br>Image SOP<br><br>Email Notification,  Kevin Patterson  kevin.patterson@aa.com<br><br>Email Notification,  Dede Hassell  dede.hassell@aa.com<br><br>Email Notification,  Mckenzie Brown  mckenzie.brown@aa.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>818 West 7th Street<br>Los Angeles, CA 90017<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Wed, Jan 13, 2021

**Server Name:**                   Dion Jones

| Entity Served | AMERICAN AIRLINES, INC. |
|---|---|
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | 21stcv00689 |
| Jurisdiction | CA |



Electronically FILED by Superior Court of California, County of Los Angeles on 01/07/2021 06:24 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
21STCV00689

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

|  | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMERICAN AIRLINES, INC., AMERICAN AIRLINES GROUP INC.
and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MICHAEL JOHNSON

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Los Angeles Superior Court<br>Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):*<br>**21STCV00689** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Daniel P. Stevens (SBN 164277), STEVENS & McMILLAN, 335 Centennial Way, Tustin, CA 92780 Tel: (714) 730-1000

| DATE: 01/07/2021<br>*(Fecha)* | Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by   R. Clifton | , Deputy |
|---|---|---|---|
|  | *(Secretario)* |  | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served



[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* AMERICAN AIRLINES, INC.,

   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

Heather McMillan (188939)
heather@scmclaw.com
Daniel P. Stevens (164277)
ken@scmclaw.com
STEVENS & McMILLAN
335 Centennial Way
Tustin, CA 92780
Tel.:    (714) 730-1000
Fax:    (714) 730-1067

Attorneys for Plaintiff
MICHAEL JOHNSON

**IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| MICHAEL JOHNSON, | Case No.:    21STCV00689 |
| Plaintiff, | Assigned to:   Hon. Mark V. Mooney<br>Dept.:    68 |
| v. | |
| AMERICAN AIRLINES, INC., AMERICAN AIRLINES GROUP INC. and DOES 1 through 50, inclusive, | **STATEMENT OF DAMAGES** |
| Defendants. | Action Filed:  January 7, 2021 |

1.    General damages in excess of $5,000,000.

2.    Economic damages in excess of $5,000,000.

3.    Punitive damages in excess of $5,000,000.

STEVENS & McMILLAN

Dated: January 8, 2021          By: _____

DANIEL P. STEVENS
Attorney for Plaintiff
MICHAEL JOHNSON

1

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the
ADR Information Package along with the complaint and/or cross-complaint.

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint,
an ADR Information Package that includes, at a minimum, all of the following:

   (1) General information about the potential advantages and disadvantages of ADR
   and descriptions of the principal ADR processes.

   (2) Information about the ADR programs available in that court, including citations to
   any applicable local court rules and directions for contacting any   court   staff
   responsible for providing parties with assistance regarding ADR.

   (3) Information about the availability of local dispute resolution   programs   funded
   under the Dispute Resolutions Program Act   (DRPA),   in   counties   that   are
   participating in the DRPA. This information may take the form of a list of   the
   applicable programs or directions for contacting the county's DRPA coordinator.

   (4) An ADR stipulation form that parties may use to stipulate to the use of an ADR
   process.

(b) A court may make the ADR Information Package available on its website as long as
paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant
along with the complaint. Cross-complainants must serve a copy of the ADR
Information Package on any new parties to the action along with the cross-complaint.

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

### ADR Information

Introduction.

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

Save Time. A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

Save Money. When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

Increase Control Over the Process and the Outcome. In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

Preserve Relationships. ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

Increase Satisfaction. In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

Improve Attorney-Client Relationships. Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

Loss of protections. If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

Less discovery. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

Additional costs. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Effect of delays if the dispute is not resolved. Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

Arbitration. In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

   Cases for Which Arbitration May Be Appropriate. Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

   Cases for Which Arbitration May Not Be Appropriate. If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

Mediation. In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

   Cases for Which Mediation May Be Appropriate. Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

   Cases for Which Mediation May Not Be Appropriate. Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

Neutral Evaluation. In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

Cases for Which Neutral Evaluation May Be Appropriate. Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

Cases for Which Neutral Evaluation May Not Be Appropriate. Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

Settlement Conferences. Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case– where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:
- OC Human Relations (714) 480-6575, mediator@ochumanrelations.org
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY:  STATE BAR NO.:<br>NAME:<br>FIRM NAME:<br>STREET ADDRESS:<br>CITY:  STATE:  ZIP CODE:<br>TELEPHONE NO.:  FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (name): | FOR COURT USE ONLY<br><br>For your protection and privacy, please press the Clear This Form button after you are done printing this form. |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>JUSTICE CENTER:<br>☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512<br>☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500<br>☐ West – 8141 13th Street, Westminster, CA 92683-4593 | |
|---|---|

| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
|---|---|

| ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

_____

and  defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
        ☐ Under section 1141.11 of the Code of Civil Procedure
        ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an Order on Court Fee Waiver (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.

Date:_____  _____  _____
                    (SIGNATURE OF PLAINTIFF OR ATTORNEY)   (SIGNATURE OF PLAINTIFF OR ATTORNEY)


Date:_____  _____  _____
                    (SIGNATURE OF DEFENDANT OR ATTORNEY)   (SIGNATURE OF DEFENDANT OR ATTORNEY)

Approved for Optional Use                                      California Rules of Court, rule 3.221
L1270 (Rev. March 2019)

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Stanley Mosk Courthouse 111 North Hill Street, Los Angeles, CA 90012 | **FILED** Superior Court of California County of Los Angeles 01/07/2021 Sherri R. Carter, Executive Officer / Clerk of Court By: _____ R. Clifton _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT** **UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER: 21STCV00689 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|---|
| ✓ | Mark V. Mooney | 68 | | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

Sherri R. Carter, Executive Officer / Clerk of Court

on 01/08/2021
   (Date)

By R. Clifton _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Mark Mooney

1  Heather McMillan (188939)
   Daniel P. Stevens (164277)
2  STEVENS & McMILLAN
   335 Centennial Way
3  Tustin, CA 92780
   Tel.:   (714) 730-1000
4  Fax:   (714) 730-1067

5  Attorneys for Plaintiff
   MICHAEL JOHNSON

6

7

8          **IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9              **FOR THE COUNTY OF LOS ANGELES**

10  MICHAEL JOHNSON,                    )   Case No.: 21STCV00689
                                        )
11              Plaintiff,              )
                                        )   COMPLAINT FOR DAMAGES
12  v.                                  )
                                        )   1.   Harassment
13  AMERICAN  AIRLINES,  INC.,          )   2.   Discrimination
    AMERICAN AIRLINES GROUP INC. and    )   3.   Retaliation
14  DOES 1 through 50, inclusive,       )   4.   Failure to Prevent
                                        )        Discrimination
15              Defendants.             )   5.   Sick Leave Violation
                                        )   6.   Failure to Accommodate
16  _____  )   7.   Wrongful Termination

17

18  Plaintiff alleges:

19          1.      At all times mentioned in this complaint, Defendant AMERICAN AIRLINES, INC.

20  and AMERICAN AIRLINES GROUP INC. were each, respectively, a corporation, duly licensed,

21  and conducting business in the County of Los Angeles, State of California.

22          2.      At all times mentioned  in this complaint, Plaintiff MICHAEL JOHNSON was a

23  resident of California.    During the relevant time period, Plaintiff was employed by and then

24  terminated by Defendants.

25          3.      Plaintiff does not know the true names of Defendants DOES 1 through 50, inclusive,

26  and therefore sue them by those fictitious names.

27          4.      Plaintiff is informed and believes, and on the basis of that information and belief

28  alleges, that at all times mentioned in this complaint, defendants were the agents and employees of

                                        1
                            **Complaint for Damages**

1  their co-defendants or otherwise responsible for the conduct complained of herein, and in doing the

2  things alleged in this complaint were acting within the course and scope of that agency and

3  employment or were otherwise responsible for the damages complained of by the Plaintiff.

4  **FACTUAL ALLEGATIONS**

5      5.    Michael Johnson commenced employment with American Airlines Group, Inc. on

6  March 8, 2016 and at the end of his employment he was a Customer Service Manager at LAX.

7      6.    Mr. Johnson is a very dark skinned African American and other employees often

8  made fun of his skin color, eg. jokes about not being able to see him in the dark etc. Even his

9  supervisor, Solomon York, engaged in the behavior. It became a running joke that happened

10 almost every day, typically when people entered a dark room or a room where the lights were not

11 on. People made these types of comments in front of management but the managers did nothing

12 to stop the behavior.

13     7.    Mr. Johnson made several complaints to his supervisor, the director, and other

14 upper management.

15     8.    Mr. Johnson had very high blood pressure and suffered from chest pain. He

16 complained several times that the long hours and lack of breaks and meal periods was making his

17 blood pressure worse.  He advised the company that he had to go to the hospital several times

18 because of this health issue.

19     9.    Instead of accommodating him, the company put him on a PIP for attendance in

20 March of 2019. He explained that his attendance issues were due to the long hours without

21 breaks and that it was affecting his health.  During the meeting he became ill and they took him

22 upstairs to their clinic and his blood pressure was 170/100.

23     10.    He continued to ask for accommodation, but they did not engage in any kind of

24 dialogue with him concerning accommodations until around the beginning of October, 2019,

25 when they sent him a form to fill out.

26     11.    About one week later, on October 10, 2019,  he was terminated for pretextual

27 reasons.

28     12.    The plaintiff filed administrative complaints with the Department of Fair Housing

2

1 | and Employment within the statutory time period and received Notices of Case Closure (Right-

2 | to-Sue Letters) for each defendant named herein.

3 | ## FIRST CAUSE OF ACTION

4 | (Harassment - Gov't Code § 12940(j)(1))

5 | (By Plaintiff Against All Defendants)

6 | 13.   Plaintiff hereby incorporates paragraphs 1 through 12, inclusive, as though fully

7 | set forth at this point.

8 | 14.   This action is brought pursuant to the California Fair Employment and Practices

9 | Act, section 12940(j)(1) of the Government Code, which prohibits harassment against a person

10 | on the basis of the person's race and/or color, and the corresponding regulations of the California

11 | Fair Employment and Housing Commission.

12 | 15.   At all times mentioned in this complaint, Defendant employers regularly

13 | employed at least one employee bringing the Defendant employer within the provisions of

14 | section 12940 et seq. of the Government Code prohibiting employers or their agents from

15 | harassing employees.

16 | 16.   During Plaintiff's employment as alleged herein, employees repeatedly engaged in

17 | unwelcome behavior toward plaintiff that was derogatory on the basis of the color of his skin.

18 | 17.   All of this conduct constituted severe and pervasive harassment quo harassment.

19 | 18.   Plaintiff alleges that the conduct as described in this complaint was unwelcome

20 | and offensive to plaintiff and would have been offensive to any reasonable person in plaintiff's

21 | position.

22 | 19.   Plaintiff did not consent to such conduct.

23 | 20.   As a direct and proximate result of the unlawful conduct as alleged in this

24 | Complaint, the Plaintiff has suffered extreme and severe anguish, humiliation, nervousness,

25 | anger, tension, anxiety and emotional distress.

26 | 21.   As a further direct and proximate result of the unlawful conduct described herein,

27 | the Plaintiff has suffered and continues to suffer loss of income, loss of earning capacity, loss of

28 | job opportunity and other losses.

1    22.    Because Plaintiff was harassed in violation of the law, plaintiff is entitled to

2  recover attorneys' fees and costs in this action pursuant to California Government Code section

3  12965(b).

4    23.    Because the acts taken toward Plaintiff were carried out by Defendants acting in a

5  deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and

6  damage plaintiff, Plaintiff requests the assessment of punitive damages against Defendants in an

7  amount appropriate to punish and make an example of Defendants.

8                          **SECOND CAUSE OF ACTION**

9                     (Discrimination-Gov't Code section 12940(a))

10                     (By Plaintiff Against All Defendants)

11    24.    Plaintiff hereby incorporates paragraphs 1 through 23, inclusive, as though fully

12  set forth at this point.

13    25.    This action is brought pursuant to the California Fair Employment and Housing

14  Act, section 12940(a) of the Government Code, which prohibits an employer from discharging,

15  expelling or otherwise discriminating against any person because of the person's race and or

16  disability.

17    26.    At all times mentioned in this complaint, Defendants regularly employed at least

18  five employees bringing the Defendant employer within the provisions of section 12940 et seq.

19  of the Government Code.

20    27.    During Plaintiff's employment, as alleged herein, Defendant made ridiculed,

21  reprimanded and terminated plaintiff because of his skin color and his disability.

22    28.    As a direct and proximate result of Defendants' unlawful conduct as alleged in this

23  complaint, Plaintiff has suffered extreme and severe anguish, humiliation, anger, tension,

24  anxiety, depression, lowered self-esteem, and emotional distress.

25    29.    As a further direct and proximate result of the unlawful conduct, the Plaintiff has

26  suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity

27  and other losses.

28    30.    Because Plaintiff was discriminated against in violation of the law, plaintiff is

1  entitled to recover attorneys' fees and costs in this action pursuant to California Government
2  Code section 12965(b).

3        31.      Because the acts taken toward Plaintiff were carried out by Defendants acting in a
4  deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and
5  damage plaintiff, Plaintiff requests the assessment of punitive damages against Defendants in an
6  amount appropriate to punish and make an example of Defendants.

7                          **THIRD CAUSE OF ACTION**
8                               (Retaliation)
9                       (By Plaintiff Against All Defendants)

10       32.      Plaintiff hereby incorporates paragraphs 1 through 31, inclusive, as though fully
11  set forth at this point.

12       33.      This action is brought pursuant to the California Fair Employment and Practices
13  Act, section 12940(h) of the Government Code, which prohibits an employer from discharging,
14  expelling or otherwise discriminating against any person because the person has opposed any
15  practice forbidden under Government Code section 12940 et seq. and/or the corresponding
16  regulations of the California Fair Employment and Housing Commission.

17       34.      At all times mentioned in this complaint, Defendants regularly employed at least
18  five employees bringing the defendant employer within the provisions of section 12940 et seq. of
19  the Government Code prohibiting employers or their agents from retaliating against an employee
20  who opposes practices forbidden under the Fair Employment and Housing Act.

21       35.      As more fully set forth herein, plaintiff was subjected to x while employed by the
22  defendants.

23       36.      In retaliation for complaining about the illegal conduct, plaintiff was unfairly
24  reprimanded, subjected to undesirable work conditions and terminated.

25       37.      As a direct and proximate result of Defendants' unlawful conduct as alleged in this
26  complaint, plaintiff has suffered extreme and severe anguish, humiliation, nervousness, anger,
27  tension, anxiety, and emotional distress.

28       38.      As a further direct and proximate result of the unlawful conduct, plaintiff has

1 | suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity
2 | and other losses.

3 |      39.    Because plaintiff was retaliated against in violation of the Fair Employment and
4 | Housing Act, plaintiff is entitled to recover attorney's fees and costs in this action pursuant to
5 | California Government Code section 12965(b).

6 |      40.    Because the acts taken toward plaintiff were carried out by Defendants acting in a
7 | deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and
8 | damage plaintiff, plaintiff requests the assessment of punitive damages against Defendants in an
9 | amount appropriate to punish and make an example of Defendants.

10 | **FOURTH CAUSE OF ACTION**

11 | (Failure to Prevent Discrimination - Gov't Code § 12940(k))

12 | (By Plaintiff Against All Defendants)

13 |      41.    Plaintiff hereby incorporates paragraphs 1 through 40, inclusive, as though fully
14 | set forth at this point.

15 |      42.    This action is brought pursuant to the California Fair Employment and Practices
16 | Act, section 12940(k) of the Government Code, which prohibits an employer from failing to take
17 | all reasonable steps necessary to prevent discrimination, harassment and retaliation and the
18 | corresponding regulations of the California Fair Employment and Housing Commission.

19 |      43.    At all times mentioned in this complaint, Defendants regularly employed at least
20 | five employees bringing Defendant employer within the provisions of section 12900 et seq. of
21 | the Government Code prohibiting employers or their agents from failing to take all reasonable
22 | steps necessary to prevent discrimination, harassment and retaliation.

23 |      44.    Defendants failed to take all reasonable steps necessary to prevent discrimination
24 | and harassment in that the employer failed to comply with Department of Fair Employment and
25 | Housing laws and regulations, failed to offer discrimination and harassment training, failed to
26 | maintain an effective complaint procedure, failed to adequately educate managers about
27 | discrimination and harassment and failed to educate managers regarding proper responses to
28 | complaints. Defendants also failed to take all reasonable steps to prevent harassment and

1 discrimination by not taking adequate remedial action after becoming aware of ongoing

2 discrimination and harassment.

3     45.   As a direct and proximate result of Defendants' unlawful conduct as alleged in

4 this complaint, Plaintiff has suffered extreme and severe anguish, humiliation, anger, tension,

5 anxiety, depression, lowered self-esteem, sleeplessness and emotional distress.

6     46.   As a further direct and proximate result of the unlawful conduct, Plaintiff has

7 suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity

8 and other losses.

9     47.   Because the Defendants failed to prevent discrimination and harassment in

10 violation of the Fair Employment and Housing Act, Plaintiff is entitled to recover attorneys' fees

11 and costs in this action pursuant to California Government Code section 12965(b).

12     48.   Because the acts taken toward Plaintiff were carried out by Defendants acting in a

13 deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and

14 damage plaintiff, Plaintiff requests the assessment of punitive damages against Defendants in an

15 amount appropriate to punish and make an example of Defendants.

**FIFTH CAUSE OF ACTION**

(Sick Leave Violation)

(By Plaintiff against All Defendants)

19     49.   Plaintiff hereby incorporates paragraphs 1 through 48, inclusive, as though fully

20 set forth at this point.

21     50.   This action is brought pursuant to Labor Code Sections 233(c)(d) and 246.5 which

22 prohibits employers from retaliating against employees for taking available sick time for

23 diagnosis, care, or treatment for an existing health care condition, or preventative care, for

24 themselves or their family member.

25     51.   Pursuant to the above cited code sections, plaintiff is entitled to reinstatement and

26 actual damages, equitable relief, and an award of attorney's fees.

27 //

28 //

7

**Complaint for Damages**

1                               **SIXTH CAUSE OF ACTION**

2                                  (Failure to Accommodate -

3                    Gov't Code §12926.1, 12940(a)(m) and (n) )

4                    (By Plaintiff against All Defendants)

5       52.     Plaintiff hereby incorporates paragraphs 1 through 51, inclusive, as though fully

6 set forth at this point.

7       53.     This action is brought pursuant to the California Fair Employment and Practices

8 Act, section 12940 and 12926.1 of the Government Code and/or the corresponding regulations of

9 the California Fair Employment and Housing Commission, which makes it an unlawful

10 employment practice for an employer to discriminate against a person with a disability, fail to

11 make reasonable accommodation to a person with a disability, or fail to engage in a timely, good

12 faith, interactive process with an employee to determine effective reasonable accommodations.

13       54.     As is more fully set forth herein, plaintiff had a physical disability.

14       55.     Plaintiff was able to perform the job with reasonable accommodation.

15       56.     The company failed to comply with the above sited code sections and regulations

16 when it refused to accommodate him, when it failed to engage in a timely, good faith, interactive

17 process to determine a reasonable accommodation, when it retaliated against him by giving him a

18 PIP, and when it retaliated against him by terminating him.

19       57.     As a direct and proximate result of defendant's unlawful conduct as alleged in this

20 complaint, plaintiff has suffered extreme and severe anguish, humiliation, nervousness, anger,

21 tension, anxiety and emotional distress.

22       58.     As a further direct and proximate result of the unlawful conduct, plaintiff has

23 suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity

24 and other losses.

25       59.     Because plaintiff was discriminated against in violation of the Fair Employment

26 and Housing Act, plaintiff is entitled to recover attorney's fees and costs in this action pursuant

27 to California Government Code section 12965(b).

28       60.     Because the acts taken toward plaintiff were carried out by defendants acting in a

1  deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and
2  damage him, plaintiff requests the assessment of punitive damages against defendants in an
3  amount appropriate to punish and make an example of defendants.

4  ### SEVENTH CAUSE OF ACTION

5  (Wrongful Termination)

6  (By Plaintiff Against All Defendants)

7  61.    Plaintiff hereby incorporates by reference paragraphs 1 through 60, inclusive,
8  as though fully set forth at this point.

9  62.    Plaintiff alleges that the discharge was wrongful because it was in violation of the
10  public policy of the State of California as set forth in California Government Code section 12940
11  et seq., the administrative regulations of the Fair Employment and Housing Act and Article 1,
12  section 8 of the Constitution of the State of California, and Labor Code Section 233 et seq., as set
13  forth more fully herein.

14  63.    As a direct and proximate result of Defendants' unlawful conduct as alleged in
15  this complaint, Plaintiff has suffered extreme and severe anguish, humiliation, anger, tension,
16  anxiety, depression, lowered self-esteem, sleeplessness and emotional distress.

17  64.    As a further direct and proximate result of the unlawful conduct, Plaintiff has
18  suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity
19  and other losses.

20  65.    Because the acts taken toward Plaintiff were carried out by Defendants acting in a
21  deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and
22  damage plaintiff, Plaintiff requests the assessment of punitive damages against Defendants in an
23  amount appropriate to punish and make an example of Defendants.

24  ///
25  ///
26  ///
27  ///
28  ///

**Complaint for Damages**

1        **WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

2  **As to the First, Second, Third, Fourth and Sixth Causes of Action:**

3        1.     For general and compensatory damages;

4        2.     For special damages according to proof;

5        3.     For punitive damages;

6        4.     For prejudgment interest on all amounts claimed that are readily ascertainable;

7        5.     For costs and attorneys' fees pursuant to Government Code section 12965(b); and

8        6.     For such other and further relief that the court considers proper.

9  **As to the Fifth Cause of Action:**

10        1.     For reinstatement;

11        2.     For actual damages;

12        3.     For equitable relief;

13        4.     For an award of reasonable attorney's fees;

14        4.     For prejudgment interest on all amounts claimed that are readily ascertainable;

15        5.     For such other and further relief that the court considers proper.

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**Complaint for Damages**

As to the Seventh Cause of Action:

    1.      For general and compensatory damages;

    2.      For special damages according to proof;

    3.      For punitive damages;

    4.      For prejudgment interest on all amounts claimed that are readily ascertainable;

    5.      For costs; and

    6.      For such other and further relief that the court considers proper.

STEVENS & McMILLAN

Dated: January 5, 2021        By:

DANIEL P. STEVENS
Attorney for Plaintiff
MICHAEL JOHNSON

11

**Complaint for Damages**